UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
TERRENCE BUTCH ALLAH                )
BLACKMAN,                           )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    Civil Action No. 17-1499 (ABJ)
                                    )
UNITED STATES SECRET SERVICE,       )
                                    )
            Defendant.              )
_____)

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, filed a complaint in the Superior Court of the District of Columbia, alleging that he was falsely arrested, charged with impersonating a police officer, and deprived of his property. The complaint lists the defendants as "U.S. White House, U.S. Secret Service White House Police, Police Officer Adelsperger Badge # 0572" and "Second District Police, Station Property Unit," and it demands a judgment of $190,000,000 [Dkt. # 1-1 at 2]. The United States Secret Service removed the case to this court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.[1] *See* Not. of Removal [Dkt. #1].

Pending are the Secret Service's motion to dismiss [Dkt. # 7] and plaintiff's motion for a writ of attachment [Dkt. # 9]. Although plaintiff was informed about the negative consequences of failing to respond to a motion to dismiss, *see* Nov. 17, 2017 Order, he has not filed an opposition. In support of dismissal, the Secret Service asserts (1) that plaintiff failed to exhaust

---

[1] Section 1442(a)(1) states in relevant part: "A civil action . . . that is commenced in a State court and that is against or directed to [the United States, its agencies, and officers or employees] may be removed by them to the district court . . . embracing the place where it is pending[.]" Section 1446 permits removal by "a defendant or defendants[.]"

1

his administrative remedies under the Federal Tort Claims Act (FTCA), and (2) that the remainder of the complaint is "legally incoherent." Mot. at 1. Failure to exhaust a claim under the FTCA is a jurisdictional defect. So, for the reasons explained below, the Court will grant the Secret Service's motion, deny plaintiff's motion, and dismiss this case without prejudice.[2]

## BACKGROUND

In the Complaint filed on May 1, 2017 [Dkt. # 1-1 at 2], plaintiff alleges in a single paragraph that when defendant Adelsperger asked him "for ID for the Law Enforcement Holy War Special Agent Shield" he was wearing, he gave the officer "all the ID he needed" but was arrested nonetheless on a misdemeanor charge of impersonating a police officer, in violation of D.C. Code § 22-1406. Plaintiff's shield and ID were taken "for evidence." He "was released the next day, no charges."

The arrest report attached to defendant's motion identifies the arresting officer as Aaron Adelsperger of the U.S. Secret Service, adds that the incident occurred on April 28, 2017, "in close vicinity to the White House," and confirms that no charges were filed against plaintiff. Def.'s Ex. A [Dkt. # 7-2].

---

[2] The Secret Service has attached to its motion a letter from Aaron Adelsperger to the Chief of the Civil Division of the U.S. Attorney's Office seeking representation in the case filed in Superior Court. Adelsperger writes that at the time of the incident, he was working in his "official capacity as a Uniformed Division officer for the U.S. Secret Service during routine patrol around the White House Complex[.]" Def.'s Ex. B [Dkt. # 7-3]. But the Attorney General (or his designee) has not filed what is commonly referred to as a Westfall certification, *see* 28 U.S.C. § 2679(d)(1)-(2), and Adelsperger has not "petition[ed] the court to find and certify that [he] was acting within the scope of his office or employment," *id*. § 2679(d)(3). Comparable to the operation of a Westfall certification, if an employee's petition is granted, the action would be "deemed to be . . . brought against the United States . . . and the United States shall be substituted as the party defendant." *Id*. But if, "in considering the petition," the court "determines that the employee was not acting within the scope of his office or employment, the action . . . shall be remanded to the State court." *Id*. In the absence of the government's certification or an appropriate petition, the Court cannot exercise jurisdiction over Adelsperger and is compelled to remand the complaint against that defendant to D.C. Superior Court.

## ANALYSIS

Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA waives the United States' immunity from suit for certain torts. *See* 28 U.S.C. §§ 2679-80. Before bringing suit, however, a plaintiff must first exhaust administrative remedies by presenting a timely claim in writing "to the appropriate Federal agency" and either obtaining a final denial of the claim or waiting six months without a final action. 28 U.S.C. §§ 2401(b), 2675(a).

An administrative exhaustion requirement can be jurisdictional or it can be non-jurisdictional. *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). Non-jurisdictional exhaustion refers to "a judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court." *Id*. With jurisdictional exhaustion, "Congress requires [the plaintiff to] resort to the administrative process as a predicate to jurisdictional review." *Veneman*, 370 F.3d at 1247. There is a presumption that exhaustion is non-jurisdictional "unless 'Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision.' " *Id*. at 1248, quoting *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, 727 F.2d 1204, 1208 (D.C. Cir. 1984). But where "Congress requires resort to the administrative process as a predicate to judicial review . . . a court cannot excuse it." *Id*. at 1247.

The D.C. Circuit has "treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional." *Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997); *see accord Ali v. Rumsfeld*, 649

F.3d 762, 775 (D.C. Cir. 2011) ("[W]e view the failure to exhaust administrative remedies [under the FTCA] as jurisdictional.") (citation and internal quotation marks omitted; alteration in original)). This Court must follow suit.

Plaintiff has not disputed that he failed to present a tort claim to the Secret Service for the alleged misconduct. *See* Decl. of Lanelle Hawa [Dkt. # 7-1]. Therefore, the Court lacks the power to hear the claim against the United States at this time, and "[w]ith the case in this posture, the court [can] no more rule in favor of the government than against it." *Simpkins*, 108 F.3d at 371. Accordingly, this case will be dismissed. An order will issue separately.

AMY BERMAN JACKSON
United States District Judge

DATE: April 20, 2018